NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STANLEY H. SOLVEY, | No. 20-16790 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-01444-DAD-GSA |
| v. | |
| S. GATES, Chief Healthcare Appeals at California Department of Corrections and Rehabilitation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted June 21, 2021**

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

California state prisoner Stanley H. Solvey appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference and retaliation claims.  We have jurisdiction under 28 U.S.C. § 1291.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm in part, reverse in part, and remand.

The district court properly dismissed Solvey's claims for retaliation, deliberate indifference to safety, and deliberate indifference regarding his diabetes and seizure medications because Solvey failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *see also Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (explaining that a prison official acts with deliberate indifference if the prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"); *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (elements of a retaliation claim in the prisoner context); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court dismissed Solvey's claims for deliberate indifference regarding defendant Zepp's treatment of Solvey's testicular cyst because Solvey

failed to state a plausible claim. However, Solvey alleged that Zepp refused to provide Solvey with sufficient pain medication as he awaited surgery. Liberally construed, these allegations "are sufficient to warrant ordering [Zepp] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *Toguchi*, 391 F.3d at 1057-60 (deliberate indifference standard). We therefore reverse the judgment on this claim only and remand for further proceedings.

**AFFIRMED in part, REVERSED in part, and REMANDED.**